SUMMARY ORDER

Edward Mwelwa, a native and citizen of Zambia, seeks review of an October 20, 2008 order of the BIA affirming the January 16, 2007 decision of Immigration Judge (“IJ”) Michael W. Straus denying Mwel-wa’s application for asylum and withholding of removal, and granting his request for relief under the Convention Against *648 Torture (“CAT”). In re Edward Mwelwa, No. A097 753 250 (BIA Oct. 20, 2008), aff'g No. A097 753 250 (Immig. Ct. Hartford, CT Jan. 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s finding that Mwelwa failed to establish that the harm he endured was on account of a protected ground. See 8 U.S.C. § 1101(a)(42). In order for an applicant to demonstrate that he was persecuted on account of his political opinion, he must show that the persecution arises from his own political opinion, not from some “generalized political motive.” Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005). During Mwelwa’s first hearing, the IJ found that “there was no evidence that [his] alleged imprisonment was politically motivated.” Although Mwelwa testified that he was tortured and interrogated about missing funds from the ministry of finance where he worked, the agency reasonably found that he failed to provide sufficient evidence that he was targeted on account of his political opinion. See Yueqing Zhang, 426 F.3d at 545.
Mwelwa argues that he was targeted because he “had specialized knowledge regarding the Movement for Multi-Party Democracy (“MMD”) and because “[h]e expressed his political opinions as a member of the Forum for Democracy and Development (“FDD”) and used his specialized knowledge to combat the corruption in the MMD.” However, the IJ noted that Mwelwa testified that the paramilitary never asked him any questions about the FDD. Mwelwa testified that he was only asked questions about the two billion kwat-cha (Zambian currency) that was diverted from the National Assembly to the campaign of former President Chiluba. The IJ’s reference to this political corruption did not undermine his finding of insufficient evidence that Mwelwa was persecuted on account of his political opinion. See Vumi v. Gonzales, 502 F.3d 150, 159 (2d Cir.2007)
Mwelwa also argues that the IJ erred in failing “to reverse his prior decision and [ ] proceed consistent with the [BIA’s] opinion” on remand. However, the BIA’s order did not reverse the IJ’s decision, but rather remanded for the IJ to consider new evidence. Accordingly, Mwelwa’s argument in this regard is without merit.
Because substantial evidence supports the agency’s conclusion that Mwelwa failed to demonstrate the requisite nexus to a protected ground, he is necessarily unable to succeed on his claims for asylum and withholding of removal. See 8 C.F.R. § 1208.16(b)(1)(i)(A); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule *649 of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).